**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON DIVISION)**

| | |
|---|---|
| DAVID BOTURLA,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC. WOODBRIDGE CENTER, BROOKFIELD PROPERTIES, JOHN DOE 1-5 (fictitious names), ABC MAINTENANCE CO. 1-5 (fictitious names) and ABC CORPORATION 1-5 (fictitious names),<br><br>    Defendants. | Civil Action No.: _____ |

**DEFENDANT RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY OF CITIZENSHIP)**

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Red Robin International, Inc. ("Red Robin" or "Defendant") hereby removes the above-referenced action filed by Plaintiff David Boturla ("Plaintiff") from the Superior Court of New Jersey Law Division: Monmouth County, State of New Jersey, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting original federal jurisdiction. Pursuant to 28 U.S.C. § 1446(a), Red Robin sets forth the following "short and plain statement of the grounds for removal."[1]

---

[1] As stated by the United States Supreme Court, in borrowing the familiar "short and plain statement" standard from Fed. R. Civ. P. 8(a), Congress intended to "simplify the 'pleading' requirements for removal" and clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

### I.   PLEADINGS AND PROCEEDINGS TO DATE

On July 28, 2021, Plaintiff filed his lawsuit in the Superior Court of New Jersey Law Division: Monmouth County, State of New Jersey, captioned *DAVID BOTURLA v. RED ROBIN INTERNATIONAL, INC., et al.,* Case No. MON-L-002620-21 (the "State Court Action").[2] The State Court Action asserts a negligence claim against Red Robin for alleged injuries suffered by Plaintiff on or about August 7, 2019, at a Red Robin restaurant located in Middlesex County, State of New Jersey. *See generally* **Exhibit A**.

The complaint filed in the State Court Action did not identify an amount in controversy; however, on October 12, 2021, Plaintiff served Red Robin with Plaintiff's Statement of Damages, wherein Plaintiff represented that the "amount of damages claimed" in this matter is one million U.S. Dollars ($1,000,000). *See* Plaintiff's Statement of Damages, dated October 12, 2021, attached hereto as **Exhibit B**.

### II.   TIMELINESS OF REMOVAL

As provided by 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." As discussed above, Red Robin did not receive any indication that the $75,000 jurisdictional threshold had been met – and that this case was in fact removable – until it received a copy of Plaintiff's Statement of Damages. Consequently, Red Robin's Notice of Removal is timely because it has been filed within 30 days of service of when Red Robin discovered that the case is removable based on the amount in controversy.

---

[2] A copy of all process, pleadings, orders, and other papers served on Red Robin's registered agent on August 24, 2021, related to the State Court Action, are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

80446388.1

Furthermore, and as a preliminary matter, it should be mentioned that the other Defendants named in the State Court Action – Woodbridge Center and Brookfield Properties – were dismissed from the State Court Action *via* stipulation on October 12, 2021. *See* Stipulation of Dismissal, attached as **Exhibit C**. Thus, when considering whether federal jurisdiction exists in this matter (based on diversity of citizenship between the parties), the requisite analysis only needs to extend to Plaintiff and Red Robin.

### III.   DIVERSITY JURISDICTION

**A.   Standard for Removal under 28 U.S.C. § 1332(a).**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

**B.   Removal is Proper Because Diversity Jurisdiction Exists.**

***1.   The Matter in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.***

Regarding the amount in controversy, the notice of removal "need not contain evidentiary submissions." *Owens*, 135 S. Ct. at 551 (quoting 28 U.S.C. § 1446(c)(2)). "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554.

Plaintiff's Statement of Damages served in the State Court Action states that the "amount of damages claimed" in this matter is one million ($1,000,000) U.S. Dollars.[3] **Ex. B**, p. 2.

---

[3] Plaintiff's Statement of Damages makes no reference to interest or costs being sought. *See generally*, **Ex. B**. Furthermore, Red Robin does not concede, and in fact denies, the existence of any damages alleged by Plaintiff, and Red Robin further denies that is liable for the incident alleged in Plaintiff's Complaint. Red Robin contends only that the amount in controversy, based on the Plaintiff's Statement of Damages, exceeds the $75,000 threshold, which establishes this Court's jurisdiction to hear this case.

Based on the amount claimed by Plaintiff, presumably asserted in good faith, the amount in controversy exceeds $75,000.00, satisfying the first prong for diversity jurisdiction.

### 2. *This Action is Between Citizens of Different States.*

A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Here, Red Robin is a citizen of the State of Nevada and the State of Colorado, being that it is a (foreign) corporation organized under the laws of the State of Nevada, with a principal place of business located in the State of Colorado.

Plaintiff, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is believed to be a citizen of the State of New Jersey, residing in the Township of Hazlet, County of Monmouth, State of New Jersey. **Ex. A**, p. 4.

As required under § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant, satisfying the second and last prong for diversity jurisdiction.

### IV.    VENUE

Venue lies in the United States District Court for the District of New Jersey (Trenton Division) pursuant to 28 U.S.C. § 1441(a). The State Court Action was filed in the Superior Court of New Jersey Law Division: Monmouth County, State of New Jersey, which is located within the District of New Jersey (Trenton Division).

### V.    NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be served on Plaintiff and filed with the Clerk of the Superior Court of New Jersey Law Division: Monmouth County, State of New Jersey, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Red Robin International, Inc. prays that the above action pending before the Superior Court of New Jersey Law Division: Monmouth County, State of New Jersey, Case No. MON-L-002620-21, be removed to the United States District Court for the District of New Jersey (Trenton Division) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: November 10, 2021

                                      **ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, TODDY, PC**

                                      By: */s/ Joseph M. Toddy, Esq.*
                                              Joseph M. Toddy, Esq.
                                              2005 Market Street
                                              Floor 16
                                              Philadelphia, Pennsylvania 19103-3608
                                              (215) 569-2800 (ph)
                                              (215) 765-9655(fax)

                                      *Attorney for Defendant Red Robin International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2021, a true and correct copy of the foregoing Notice of Removal and all attachments hereto were served by U.S. Mail and email on the following counsel of record:

Mark F. Casazza, Esq. – Attorney I.D. No. 042251998
RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A Professional Corporation
25 Village Court
Hazlet, New Jersey 07730
Phone: (732) 264-4400

*Counsel for Plaintiff*

                                  */s/ Joseph M. Toddy, Esquire*

                                  2005 Market Street
                                  Floor 16
                                  Philadelphia, Pennsylvania 19103-3608
                                  (215) 569-2800 (ph)
                                  (215) 765-9655(fax)

                                  *Attorney for Defendant Red Robin International, Inc.*